UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL J. SHERIDAN,

    Plaintiff,

v.                                                      Case No. 3:24cv72-TKW-HTC

BRAD J. LITTLE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff Michael J. Sheridan, proceeding *pro se*, sues Brad J. Little, in his official capacity as the Governor of the State of Idaho, for libel and for violations of 28 U.S.C. § 1343(3) and the Fourteenth Amendment. Specifically, Plaintiff alleges the State of Idaho violated his due process and equal protection rights when it published a court order stating, erroneously, that he was "convicted" in a 1999 criminal case, when those proceedings had ended in a mistrial. Doc. 1 at 9.

    This is Plaintiff's second attempt at prosecuting this matter. His prior case, *Sheridan v. State of Idaho*, No. 3:23-cv-24771-TKW-HTC, was based on the exact same allegations but named the State as the defendant. This Court dismissed that suit *sua sponte* for lack of subject matter jurisdiction because it failed to allege any non-frivolous federal claims and, in any event, was barred by the State's Eleventh

Amendment immunity. The only material differences between this filing and Plaintiff's prior complaint are that he substituted Governor Little for the State of Idaho and revised paragraph 3 of the statement of claims to allege the "conviction" violated the Due Process Clause (as well as the Equal Protection Clause). Doc. 1 at 9. Those changes, however, do not save his case from dismissal.

As this Court previously advised Plaintiff, it is his burden to establish this Court's jurisdiction over this action. *Sweet Pea Marine Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (citation omitted). Although Plaintiff seeks to invoke this Court's federal question jurisdiction, simply referring to a constitutional amendment is not enough. *See Bell v. Hood*, 327 U.S. 678, 681 (1946); *Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) ("a mere allegation ... that the cause arises under the Constitution or laws of the United States without specific facts is not enough under any standard to pass the jurisdictional hurdle"). Thus, for the same reasons set forth in the Court's Report and Recommendation in *Sheridan v. State of Idaho*, which is adopted and incorporated by reference herein, Plaintiff has not stated a claim under the Equal Protection Clause of the Fourteenth Amendment. *See* Doc. 4, 3:23-cv-24771-TKW-HTC.

Likewise, Plaintiff has not stated any facts to support a due process claim. The Due Process Clause of the Fourteenth Amendment encompasses two components, a substantive component and a procedural component. The substantive

component of the Due Process Clause protects against the infringement of certain "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). There is, however, no fundamental right to be free from libel or slander. *See, e.g.*, *Campbell v. W. Pittston Borough*, 2006 WL 1892709, at *2, *6 (M.D. Pa. July 10, 2006) (finding plaintiff's right to be free from slander and libel was not fundamental and dismissing substantive due process claims). To state a claim for deprivation of procedural due process, Plaintiff must allege facts sufficient to support three elements: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *J.R. v. Hansen*, 736 F.3d 959, 965 (11th Cir. 2013) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Plaintiff's complaint is wholly devoid of any allegations supporting a procedural due process claim.

Finally, Plaintiff's substitution of Governor Little in place of the State does not get him around the Eleventh Amendment. Plaintiff states his claim is an "official capacity suit" and "is against the entity, i.e., State of Idaho and is not a suit against the Official personally, i.e., Governor Little." Doc. 1 at 9. An official-capacity suit against a state officer is a suit against the official's office. *See Hafer v. Melo,* 502 U.S. 21, 26 (1991). Indeed, as relief, Plaintiff seeks $25,000,000.00 "from the State of Idaho." Doc. 1 at 10. Thus, a suit against Governor Little is the equivalent of a

suit against the State of Idaho and is barred by the Eleventh Amendment. *See Cummings v. Vernon*, 89 F.3d 844 (9th Cir. 1996) (concluding the Eleventh Amendment barred plaintiff's claims against the State of Idaho). And, as the Court stated in the prior case, federal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment.[1] *McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) (citations omitted)

Accordingly, Plaintiff has again failed to assert any non-frivolous federal claim and this case is subject to dismissal.[2] *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (a federal court may dismiss a federal question claim for lack of subject-matter jurisdiction if such a claim is wholly insubstantial and frivolous) (citation omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to lack of jurisdiction.

2. That the clerk close the file.

---

[1] Although under some circumstances, a claim for equitable relief is not barred by the Eleventh Amendment, the Court need not address whether Plaintiff's request that the State of Idaho be prohibited from "posting on World Wide Web (www) that he was 'convicted' at first trial," Doc. 1 at 10, falls under the exception in *Ex parte Young*, 209 U.S. 123 (1908), since the allegations are frivolous and are a far cry from showing that any state official violated federal law.

[2] As before, the undersigned also notes the Northern District of Florida is not a proper venue for this case. Instead, this case should be filed in the District of Idaho where the relevant events took place and where the Defendant is located. *See* 28 U.S.C. § 1391(b). While, under 28 U.S.C. § 1406(a), the Court may either dismiss or transfer the action to the appropriate venue, the undersigned will again recommend dismissal based on the frivolous nature of these claims.

Case No. 3:24cv72-TKW -HTC

At Pensacola, Florida, this 23rd day of February, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.